# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OFORI XENTUMI JEREMY, | No. 4:20-CV-1010 |
| Plaintiff, | (Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| ANGELA HOOVER, *et al.*, | |
| Defendants. | |

## ORDER

### SEPTEMBER 22, 2020

Plaintiff, challenging the conditions of his confinement, filed the instant action on June 19, 2020.[1] The instant action was jointly assigned to the undersigned and to a magistrate judge. Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[2] Once filed, this report and recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[3]

On July 29, 2020, Magistrate Judge Martin C. Carlson, to whom this matter is jointly assigned, issued a thorough report and recommendation. Magistrate Judge Carlson recommended that Plaintiff's complaint be dismissed because Plaintiff had not complied with a previous case management order designed to

---

[1] *See* Doc. 1.
[2] 28 U.S.C. 636(b)(1)(B).
[3] 28 U.S.C. 636(b)(1).

manage the initial version of this lawsuit, which consisted of "eccentric and inappropriate filings."[4] As Magistrate Judge Carlson put it, the case management order, issued on June 23, 2020, was "designed to create some measure of order out of this chaos."[5] Plaintiff has not complied with the case management order. Magistrate Judge Carlson therefore recommended dismissal "without prejudice to renewal if the plaintiff complies with this court's order."[6]

No objections to the report and recommendation have been filed. For portions of the report and recommendation to which no objection is made, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[7] Regardless of whether timely objections are made by a party, the District Court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[8]

Because I write solely for the parties, I will not restate the facts, but will instead adopt the recitation of facts as set forth by the magistrate judge. I have conducted a de novo review here and found no error.

---

[4]  *See* Doc. 6 at 3.
[5]  *Id.*
[6]  Doc. 6 at 11.
[7]  Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (*citing Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)).
[8]  28 U.S.C. § 636(b)(1); Local Rule 72.31.

**AND NOW, IT IS HEREBY ORDERED** that:

1. Magistrate Judge Martin C. Carlson's Report and Recommendation, Doc. 6, is **ADOPTED in full**.

2. Plaintiff's Complaint, Doc. 1, is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff may renew his Complaint if Plaintiff complies with this Court's previous case management order that was entered on June 23, 2020.[9]

4. The Clerk of Court is directed to close the case file.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[9] The Court notes that Magistrate Judge Carlson's Report and Recommendation was sent to Plaintiff but was returned as undeliverable. *See* Doc. 7. This indicates that Plaintiff's complaint may now be moot, as Plaintiff may have been released from the confinement that he was challenging.